(No. 4543— )

JACK STEWART, DOING BUSINESS AS JACK STEWART AND ASSOCIATES, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed June 26, 1953.*
*Petitions of Claimant and Respondent for rehearing denied October 30, 1953.*

LITTLE, CLAUSEN AND PRESBREY, Attorneys for Claimant.

LATHAM CASTLE, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

FARTHING, J.

We have for our consideration the following: Complaint, respondent's exhibit No. 3, purporting to be a Departmental Report, objection to which was sustained by the Commissioner, transcript of evidence, respondent's exhibits Nos. 1, 2, 4 and 5, claimant's exhibits Nos. 1 - 18, inc., abstract of evidence, and the Commissioner's Report.

Claimant bases his suit on the fact that the prices of goods furnished, particularly cotton fabrics, increased after his bids were accepted. He stated he then had conversations with the State Purchasing Agent, in which the latter agreed to allow claimant to increase his selling prices, so long as they did not exceed the prices quoted by the next lowest bidder. These increased the total to $9,343.95. The other branch of his claim is that, although the State was entitled to a 7% discount, if payment was made within 20 days from the delivery and acceptance of the goods, or the date of invoice, whichever was the later date, while no payments were made within the discount period, the State nevertheless took a 7% discount on all purchases.

Although no briefs have been furnished us, and no statute has been called to this Court's attention, we must take judicial notice of the Illinois statutes. Except in cases of emergency, we find that Ill. Rev. Stat., 1949, Chap. 127, Par. 28, requires advertising for bids for supplies for the various departments of the State, and, further, quality considered, that purchases be made from the lowest bidders. Pars. 6 and 9 of Chap. 127 cover the State Purchasing Agent. None of these paragraphs authorize the Purchasing Agent to increase the amounts payable beyond the price contained in the accepted bid.

Claimant's counsel makes no reference to the rules as to bids the Department of Finance is authorized to make by Chap. 127, Sec. 36.6, prescribing uniform procedure in purchasing supplies. He has not shown that any authority was delegated the Purchasing Agent to make increases in prices after claimant's bids were accepted.

The State was not entitled to the discount. There is due to the claimant on that branch of his case the sum of $3,408.35.

There is no proof, and there is no statutory authority that would permit the Purchasing Agent to increase the purchase price beyond the amount of the bid. The claimant could not in any way vary the forms for bidding submitted to him by the State. His attempts to do so are mere surplussage, for the bids must of necessity be upon the same terms, and, by submitting a bid in competition with other bidders, he could not be awarded a contract on any other terms than those upon which his competitors made their bids. The Purchasing Agent had no authority to make subsequent increases in price.

An award is made to the claimant, Jack Stewart, in the amount of $3,408.35 against the respondent, the State of Illinois.

The Commissioner ruled correctly when he sustained the objection to respondent's exhibit No. 3, purporting to be a "Departmental Report", admissible under Rule 16 of this Court. It was in fact an answer to the complaint. Such Reports may properly include copies of records of State Departments and official documents. This Court has been subjected to much criticism by reason of the delays incident to the obtaining of information by the Attorney General, as counsel

for the State. It is suggested that more prompt service may be obtained, if, instead of submitting to these unconscionable delays, the heads of Departments are called as witnesses, and, they, or the persons in charge of the particular records, are required to appear before the hearing officer of this Court. Claimants, who have honest claims, must of necessity await the action of this Court, the Governor, and the General Assembly, before payment of their claims can be had. The claimant, and this Court itself, are entitled to reasonably prompt cooperation from the various Departments of State government.